No. 12548

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THEODORE CARKULIS, Director
of the Department of Social and
Rehabilitation Services of the
State of Montana,

Petitioner,

-vs-

JOHN DOE, individually and on behalf
of all other similarly situated,

Respondents.

---

ORIGINAL PROCEEDING:

For Petitioner:

Thomas H. Mahan argued, Helena, Montana

For Respondents:

Steven L. Bunch argued, Helena, Montana
Nick Rotering appeared, Helena, Montana
Neil Haight appeared, Helena, Montana

For Amicus Curiae:

James B. Wheelis, Missoula, Montana

Submitted: January 18, 1974

Decided: MAY 7 1974

Filed: MAY 7 1974

Thomas J. Kearney
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an original proceeding brought by the director of the Department of Social and Rehabilitation Services for the purpose of obtaining a declaratory judgment under Title 93, Chapter 89, R.C.M. 1947. Petitioner requests this Court to declare H.B. 60 of the Forty-third Legislative Assembly unconstitutional. The named respondent, a property owner of Lewis and Clark County, appears individually and on behalf of others similarly situated. The Court invited participation of those interested in the outcome of the proceedings.

The essential allegations of the petitioner's complaint are:

1. That the respondents, individually and as a class, own real estate in the State of Montana upon which has been placed liens by reason of the fact that they have applied for and are receiving or have received at some time since July 1, 1953, welfare assistance through the old age assistance or aid to the disabled assistance plans of the Welfare Act.

2. That, as a condition precedent to receiving said assistance, all such recipients have been required to sign an agreement for a lien on real property, acknowledging and agreeing that the amount of all assistance thereafter paid to the applicant shall constitute an obligation and an indebtedness of the applicant or recipient to the state and county.

3. That there are approximately 100,000 individuals who have received aid over the period from 1953 who now have liens against their property in the 56 counties of the state.

4. That petitioner acts as an agent for the 56 counties and the federal government in the recovery of benefits paid, and that over the years the counties, state and federal government have benefited to the extent of approximately a quarter million

dollars, ($250,000) per year.

5. That under the lien law, section 91-3601, R.C.M. 1947, the lien has a No. 4 priority in the order of payment of estate debts. Under the provisions of H.B. 60, that priority drops to No. 5 category, that of a general creditor, and that in such a class the state would suffer a reduction of a recovery if not a total loss of its claim as a general creditor.

There are no questions of fact to be litigated. There remain only questions of law for our consideration:

(1) Could the Legislature retroactively render liens on real property unenforceable in view of the provisions of the Montana Constitution?

(2) In the event that H.B. 60 is unconstitutional, for the reason that the Legislature may not render welfare liens on real property unenforceable in a retroactive manner, would the entire act be null and void, or only that portion that is retroactive in nature?

Prior to considering the two above issues we note that in a recent opinion of this Court, State ex rel. Robert L. Woodahl v. Straub, ____Mont.____, ____P.2d____, 31 St.Rep. 138, we held that the 1973 Legislature could enact prospective or anticipatory legislation to become effective July 1, 1973, under the terms of the 1972 Constitution which became effective on July 1, 1973.

As to the first issue presented, the retroactive effect of the Act, we answer in the affirmative. As noted above, from 1953 to 1973, a statutory lien was recorded as security for reimbursement for all persons receiving specified aid grants. The effect of H.B. 60 is to remove the lien priority of the welfare claim and reduce it to that of an ordinary general creditor claim. The petitioner argues that in so doing the legislature diminished

- 3 -

an obligation due the State of Montana and that such action would be clearly unconstitutional under Article II, § 31, of the 1972 Constitution of Montana, which provides:

> "No ex post facto law nor any law impairing the obligation of contracts, or making any irrevocable grant of special privileges, franchises, or immunities, shall be passed by the legislature."

We do not agree with petitioner's position. We have carefully examined the authorities cited in the briefs and find those relied upon by the respondent to be more persuasive. In 1942 the Supreme Court of Indiana in a factual case very similar to this case, County Dept. of Pub. Welfare v. Potthoff, 44 N.E.2d 494, held that the state's contractual rights were not subject to the protection of the contract clause stating:

> "While the contract clause of the Constitution protects parties dealing with the state, it does not, of course, affect the validity of statutes releasing obligations due the state. * * *"

In _Potthoff_ the court found that the real party in interest to the contract was the state, not the State Welfare Department, thus the statute was merely a voluntary release of the contractual right of the contracting party.

The rationale of the _Potthoff_ decision indicates that the grant to an agency of the state does not, and cannot, vest rights and can thus be both retroactively and prospectively repealed by the Legislature. H.B. 60 is, therefore, a legitimate and constitutional exercise of legislative power. 16 C.J.S. Constitutional Law § 243; 29 ALR 2d 731.

Having affirmatively decided the first issue we need not consider the second.

The judgment is affirmed.

_____
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -